## A. V. D. Watterson, Trustee, Plff. in Err., *v.* W. W. Patrick.

Where a member of a firm dies, giving, by his will, power to his executors to continue the business, and it is carried on under the same name by the surviving partner and the widow of the deceased, it is for the jury to say whether the old firm still exists, in an action against the decedent's estate for firm indebtedness contracted after his death.

(Decided November 9, 1885.)

Error to the Court of Common Pleas, No. 1, of Allegheny County. Affirmed.

William Maloney had been a member of the firm of Mullen and Maloney, which firm was engaged in the purchase and sale of scrap iron. He died in 1874, leaving a will by which his executors were empowered to continue the business, if they saw fit. It was continued under the same firm name by Mullen and Mrs. Maloney, the new business of manufacturing pig iron being added. Three years later certain promissory notes were given by the firm, which, being unpaid, resulted in this action to charge the estate of Maloney, on the ground that the old firm had not been discontinued, but still existed. The question of existence of the partnership, as composed of Mullen and the Maloney estate, was submitted to the jury, and a verdict rendered for the plaintiff. This appeal was then taken.

*A. V. D. Watterson* and *A. M. Brown* for plaintiff in error.

*John Barton* and *T. C. Lazear* for defendant in error.

PER CURIAM:

The latter firm was engaged in the same general business as

NOTE.—The burden of proving it is upon the plaintiff. Hallstead v. Coleman, 143 Pa. 352, 13 L. R. A. 370, 22 Atl. 977. The question as to whether the partnership relation exists is for the jury. Haydenville Min. & Mfg. Co. v. Steffler, 17 Pa. Super. Ct. 609; McDuffie v. Bartlett, 3 Pa. St. 317; Ryder v. Jacobs, 196 Pa. 386, 46 Atl. 667. But if the evidence is entirely written, the court should instruct the jury positively as to the legal effect of the writings. M'Coy v. Lightner, 2 Watts, 347. And in all cases the jury should be instructed as to what constitutes a partnership. Rogers v. Waltz, 5 Pa. Dist. R. 645, 18 Pa. Co. Ct. 95, 12 Montg. Co. L. Rep. 160. Ordinarily the partnership is terminated by death. Little v. Hazlett, 197 Pa. 591, 47 Atl. 855. But the decedent may provide, as was done in WATTERSON V. PATRICK, for the continuance of the business by his estate. Laughlin v. Lorenz, 48 Pa. 275, 86 Am. Dec. 592; Leaf's Appeal, 105 Pa. 505.

the former firm. The duration of the latter was a question of fact. Whether the debt which was the consideration of these notes, was contracted during its existence, was well and fairly submitted to the jury. The evidence justifies the verdict.

Judgment affirmed.